1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ARTHUR TORRES,** | )   NO. CV 16-2919-JVS (KS) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **ORDER: DISMISSING PETITION FOR** |
| | )   **WRIT OF HABEAS CORPUS WITHOUT** |
| **SCOTT FRAUENHEIM,** | )   **PREJUDICE; AND DENYING** |
| | )   **CERTIFICATE OF APPEALABILITY** |
| **Respondent.** | ) |
| _____ | ) |

       On March 31, 2016, Arthur Torres ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("March 31, 2016 Petition") under 28 U.S.C. § 2254 in which he attacked his May 2001 conviction for, *inter alia*, murder, kidnapping, torture, and robbery, on the grounds of ineffective assistance of counsel.[1]  Petition, *Torres v. Frauenheim*, No. CV 16-2205-JVS (KS), (C.D. Cal. Mar. 31,

---

[1]       Petitioner is serving a sentence of "three consecutive terms of life imprisonment without the possibility of parole, one consecutive term of life imprisonment with the possibility of parole, and an aggregate determinate term of 31 years" resulting from his May 2001 conviction of the following seventeen crimes:  two counts of first degree murder committed during the commission of attempted robbery; one count of first degree murder committed during the commission of kidnapping; one count of carjacking; one count of attempted carjacking; one count of kidnapping for carjacking; one count of kidnapping; one count of torture; two counts of possession of a firearm by a felon; one count of assault with a firearm involving personal use of a firearm; one count of robbery involving personal use of a firearm; one count of robbery; and four counts of attempted robbery.  Report and Recommendation of United States Magistrate Judge at 2-3, *Torres v. Kirkland*, No. CV 05-5075-AHM (VBK), (C.D. Cal. May 2, 2007), ECF No. 37 (hereinafter "2007 Report and

1

2016), ECF No. 1.   On April 20, 2016, United States District Judge James V. Selna dismissed the March 31, 2016 Petition without prejudice because it was a second or successive Section 2254 petition filed without leave from the Ninth Circuit.   Order and Judgment, *Torres v. Frauenheim*, No. CV 16-2205-JVS (KS), (C.D. Cal. Apr. 20, 2016), ECF Nos. 6, 7.   Judge Selna explained that, on July 12, 2005, Petitioner had filed a prior habeas petition in this Court attacking his May 2001 conviction, and, although Petitioner had filed an application in the Ninth Circuit for leave to file a second or successive petition, his application was still pending when he filed the March 31, 2016 Petition.   *See id.*; *see also* Petition, *Torres v. Kirkland*, No. CV 05-5075-AHM (VBK), (C.D. Cal. July 12, 2005), ECF No. 1 ("July 12, 2005 Petition"); Ninth Circuit Docket in *Torres v. Frauenheim*, Case No. 16-70595 (Petitioner's pending application for leave to file a second or successive petition).

On April 22, 2016, presumably before Petitioner received notice that his March 31, 2016 Petition had been dismissed, Petitioner placed in the mail a "First Amended Petition" in which he again attacked his May 2001 conviction on the grounds of ineffective assistance of counsel.   Petition, *Torres v. Frauenheim*, No. CV 16-2919-JVS (KS), (C.D. Cal. Apr. 28, 2016), ECF No. 1 (hereinafter "April 22, 2016 Petition").   It appears from the face of the April 22, 2016 Petition that Petitioner filed it to amend his March 31, 2016 Petition so as to include allegations of timeliness, not to initiate a new habeas case.   Nevertheless, the Clerk filed Petitioner's April 22, 2016 Petition as a new habeas petition and, thus, a new case.

However, the April 22, 2016 Petition, like Petitioner's March 31, 2016 and July 12, 2005 Petitions, attacks Petitioner's 2001 conviction.   Further, the Ninth Circuit still has not authorized Petitioner to file a second or successive habeas petition.   *See* Ninth Circuit Docket in *Torres v. Frauenheim*, Case No. 16-70595; *see also* 28 U.S.C. § 2244(b)(3) (even when

---

Recommendation"); *see also People v. Torres*, Case No. B152866, 2003 Cal. App. Unpub. LEXIS 2557, at *1-*5 (Mar. 17, 2003).

Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitions must first obtain authorization from the Ninth Circuit before filing any such second or successive petition).  Accordingly, the April 22, 2016 Petition, like the March 31, 2016 Petition, is an unauthorized second or successive petition that the Court lacks jurisdiction to consider.  *See Burton v. Stewart*, 549 U.S. 147, 157 (2007); *see also McNabb v. Yates*, 576 F.3d 1028, 2029 (9th Cir. 2009) ("A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition"); *Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time for the first habeas petition qualify as second or successive).

Therefore, IT IS ORDERED that:  the Petition is DISMISSED pursuant to 28 U.S.C. § 2244(b) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; and Judgment shall be entered dismissing this action without prejudice.  If Petitioner receives leave from the Ninth Circuit to raise his ineffectiveness claim in a second or successive Section 2254 petition in this Court, he may file a habeas petition at that time.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

3

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2*)*; *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[2]  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: May 04, 2016

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

Karen L. Stevenson
United States Magistrate Judge

---

[2]  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4